August 29, 2012

<u>VIA EMAIL</u>

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007-131

Re:   *FHFA Actions No. 11 Civ. 05201 (DLC) <u>et al.</u>*

Dear Judge Cote:

      We write on behalf of the Federal Housing Finance Agency ("FHFA"), pursuant to this Court's Order of August 10, 2012, to report on the production of Loan Files at issue in this litigation.

### Status of FHFA's Loan File Production.

      FHFA has identified approximately 106,000 Loan Files in its possession that it can relate to the Securitizations at issue in these cases, reflecting both supporting and non-supporting loan groups. FHFA has produced 44,227 of these Loan Files, and, as of August 30, 2012, expects to produce an additional 15,849 files. A list of these combined 60,076 produced Loan Files is attached as **Exhibit 1**. FHFA will continue to process and produce additional Loan Files on a rolling basis, and expects to complete that production before September 30, 2012.

### Status of FHFA's Loan File Requests.

      FHFA has sought loan files (among other materials) from numerous third parties, and has served the following types of requests: (1) requests on behalf of Fannie Mae or Freddie Mac pursuant to certain contractual rights; (2) subpoenas issued by FHFA, prior to this litigation (in 2010), in its role as Conservator to the GSEs ("Conservator Subpoenas"); (3) Rule 45 subpoenas served by FHFA on the same entities that previously received Conservator Subpoenas (seeking the same material requested in the Conservator Subpoenas); (4) Rule 45 subpoenas served by FHFA on loan originators; and (5) an informal request to Aegis Mortgage Corporation.[1] A summary of FHFA's third-party requests is attached as **Exhibit 2**. This exhibit identifies the custodians from which loan files have been requested, the type(s) of request directed to each custodian (Conservator Subpoena, Rule 45 subpoena, contractual request (limited to 2012), or informal request), the service and return dates of the requests, and the federal district court(s) with jurisdiction over each custodian. In a separate tab, the chart lists the securitizations identified in the subpoenas addressed to each custodian.

### FHFA's Request for Court Assistance.

      In its Order, this Court directed that the parties should identify any instance in which they would like the Court's assistance in securing production from a third party. FHFA expects that it will

---

[1] Pursuant to the Inspector General Act of 1978 (5 U.S.C. App. § 6), FHFA's Office of Inspector General ("OIG") has independent authority to subpoena information. FHFA's OIG does not, as a matter of practice, advise the Conservator of any subpoenas issued pursuant to this authority.

August 29, 2012

seek, imminently, the Court's assistance in enforcing certain subpoenas. Specifically, as discussed above, FHFA issued its Conservator Subpoenas in 2010, but various recipients of those subpoenas (including a number of Defendants in this litigation) refused to produce loan files in response.[2] FHFA subsequently incorporated many of those subpoenas into Rule 45 subpoenas that it has now issued in this litigation, and the return dates on those subpoenas begin to run in the first week of September. If, by these return dates, there are third-party recipients that continue to refuse to produce loan files, as appears likely from their failure to do so in response to the original Conservator Subpoenas, FHFA will seek an Order from the Court enforcing both forms of subpoena as to those recipients that are subject to this Court's jurisdiction.[3]

**Meet and Confer Issues.**

As ordered by the Court, the parties had a meet-and-confer call yesterday. During that meeting, Defendants indicated they would propose to the Court that FHFA share the costs of loan file production by third parties. Any such request is premature. To date, Defendants have not identified a single third party that has requested that the parties share in its production costs. If and when a third party makes such a request, moreover, it would have to overcome the presumption that it bears its own production costs, pursuant to the three-factor test applied in this District. *Wells Fargo Bank, N.A. v. Konover*, 259 F.R.D. 206, 207 (S.D.N.Y. 2009).

Defendants also proposed that FHFA participate with defense representatives in a vaguely defined "task force," and assume responsibility for ensuring third-party compliance with Defendants' outstanding subpoenas. FHFA is fully prepared to continue exchanging information with Defendants to ensure that all parties are fully apprised of the status of third party Loan File production, but FHFA sees no basis at this time for assuming a portion of Defendants' costs in enforcing their third-party subpoenas, or otherwise satisfying their discovery obligations, for the production of Loan Files. The general rule, of course, is that each party bears its own discovery costs. *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 322 (S.D.N.Y. 2003) (describing seven-part test for cost sharing between parties).[4] Cost sharing would be especially inappropriate here given Defendants' rejection of FHFA's proposal to implement a reasonable sampling protocol that would have substantially limited the need for Loan Files to only a small subset – a proposal that this Court recognized would make this litigation less burdensome and more efficient. (*See* Dec. 2, 2011 Tr. at 35:22-36:1; May 14, 2012 Tr. at 37:21-38:03.)[5]

---

[2] For example, the following Defendants and/or their affiliated companies have not produced any documents in response to the Conservator Subpoenas issued in 2010: (1) Bank of America, (2) JPMorgan, (3) Citigroup, and (4) Ally. In addition, certain other entities have made minimal production in response to those 2010 subpoenas.

[3] FHFA issued its Conservator Subpoenas, pursuant to its subpoena power under 12 U.S.C. § 4617(b)(2)(I), prior to this litigation and for purposes somewhat distinct from this litigation. FHFA will seek enforcement of certain of its Conservator Subpoenas, and the Rule 45 subpoenas that mirror them, to ensure that it can use any Loan Files produced pursuant to the subpoenas both in this litigation and in furtherance of its other functions as Conservator, including the investigation of possible re-purchase claims against the sponsors of mortgage-backed securities. FHFA envisions the ability for dual use of loan files in these litigations and for other Conservator uses on the same terms as the recent *First Horizon* Order issued by the Court. (*See* Stip. and Order Re: Subpoena Compliance, *FHFA v. First Tennessee Bank Nat'l Assn.*, No. 12-MC-193 (D.E. 5) (Jul. 10, 2012).)

[4] FHFA has requested that Ally pay for the production of loan files by its debtor affiliates. Ally has indicated that it jointly owns or controls those files. (*See* May 1, 2012 App. for Supp. Protective Order, 11 Civ. 7010, Doc. No. 88 at 2 & 8 ("The Ally and Rescap Defendants' loan files….").)

[5] In declining to limit loan file production, this Court recognized that the resulting complexity of that production was due to Defendants' litigation posture. (*See* June 13, 2012 Tr. at 14:24-16:2 ("***Ordinarily it is a defendant who is resisting production of voluminous files, but these defendants are not*** . . . and I think the only way that sampling could work to reduce the burden and expense of litigation here would be if we took a percentage of the loan files and basically agreed that

(footnote continued)

August 29, 2012

Very truly yours,

/s/ Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, FHFA v. Citigroup Inc., and FHFA v. Goldman, Sachs & Co.*

/s/ Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.*

/s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

/s/ Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.*

---

they were entirely unavailable to both sides for all purposes…")(emphasis added); *see also id.* at 20 ("I've adjusted our schedule somewhat to give us all more time, because the defendants have not agreed to sampling of [loan] files in the discovery process.").

August 29, 2012

/s/ Kanchana Wangkeo Leung
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
 FRIEDMAN, LLP
1633 Broadway
New York, NY 10019

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. General Electric Company., FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.*