UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>                    Plaintiff,<br><br>        -against-<br><br>CITIGROUP INC., *et al.*,<br><br>                    Defendants. | 11 Civ. 6196 (DLC) |
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>                    Plaintiff,<br>        -against-<br><br>JPMORGAN CHASE & CO., *et al.*,<br><br>                    Defendants. | 11 Civ. 6188 (DLC) |

[Caption continued on next page]

|  |  |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>                            Plaintiff,<br>   -against-<br><br>ALLY FINANCIAL INC., *et al.*,<br><br>                            Defendants. | 11 Civ. 7010 (DLC) |

## MEMORANDUM OF LAW IN SUPPORT OF THE SETTLING PARTIES' JOINT MOTION FOR ORDERS OF VOLUNTARY DISMISSAL WITH PREJUDICE AND BAR ORDERS

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 209-8980

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Plaintiff Federal
Housing Finance Agency*

- and –

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

*Attorneys for the Citi Defendants*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ........................................................................................................... 4

I. THE STIPULATION AND ORDER OF
   VOLUNTARY DISMISSAL WITH PREJUDICE
   OF THE *CITI* ACTION SHOULD BE SO ORDERED ....................................... 4

II. THE MOTION TO DROP AND/OR VOLUNTARILY
    DISMISS CLAIMS AGAINST CGMI IN THE
    *JPMORGAN* AND *ALLY* ACTIONS WITH
    PREJUDICE SHOULD BE GRANTED ............................................................ 5

III. THE PROPOSED BAR ORDERS ARE
     CONSISTENT WITH SECOND CIRCUIT
     LAW AND SHOULD BE ENTERED ............................................................... 6

     A.    The Proposed Bar Orders Both Serve
           the Public Interest and Protect the
           Rights of Non-Settling Parties. ............................................................6

     B.    The Settlement Agreement's Confidentiality
           Provisions Protect the Rights of
           All Parties in the Actions. ....................................................................10

CONCLUSION ...................................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

Page

*Black Radio Network, Inc.* v. *NYNEX Corp.*,
    44 F. Supp. 2d 565 (S.D.N.Y. 1999) ....................................................5

*City of Hartford* v. *Chase*,
    942 F.2d 130 (2d Cir. 1991) ...........................................................12

*Denney* v. *Deutsche Bank AG*,
    443 F.3d 253 (2d Cir. 2006) .............................................................6

*Eichenholtz* v. *Brennan*,
    52 F.3d 478 (3d Cir. 1995) ...............................................................7

*Gambale* v. *Deutsche Bank AG*,
    377 F.3d 133 (2d Cir. 2004) .....................................................10–11

*Gerber* v. *MTC Elec. Techs. Co.*,
    329 F.3d 297 (2d Cir. 2003) .......................................................7, 10

*Harvey Aluminum, Inc.* v. *American Cyanamid Co.*,
    203 F.2d 105 (2d Cir. 1953) .............................................................5

*In re Ivan F. Boesky Sec. Litig.*,
    948 F.2d 1358 (2d Cir. 1991) ...........................................................6

*In re Tamoxifen Citrate Antitrust Litig.*,
    466 F.3d 187 (2d Cir. 2006) .............................................................6

*In re WorldCom, Inc. ERISA Litig.*,
    339 F. Supp. 2d 561 (S.D.N.Y. 2004) ...........................................6, 9

*In re WorldCom, Inc. Sec. Litig.*,
    2004 WL 2591402 (S.D.N.Y. Nov. 12, 2004)....................................7

*In re WorldCom, Inc. Sec. Litig.*,
    2005 WL 591189 (S.D.N.Y. Mar. 14, 2005)..........................1, 6, 7, 10

*In re WorldCom, Inc. Sec. Litig.*,
    2005 WL 613107 (S.D.N.Y. Mar. 15, 2005).......................................2

*In re WorldCom, Inc. Sec. Litig.*,
    2005 WL 2010153 (S.D.N.Y. Aug. 23, 2005)....................................9

*In re WorldCom, Inc. Sec. Litig.*,
    2005 WL 3369215 (S.D.N.Y. Dec. 12, 2005) ....................................................10

*In re WorldCom, Inc. Sec. Litig.*,
    2006 WL 240282 (S.D.N.Y. Jan. 31, 2006) ......................................................10

*In re WorldCom, Inc. Sec. Litig.*,
    2006 WL 470575 (S.D.N.Y. Feb. 16, 2006)..................................................7, 10

*ISC Holding AG* v. *Nobel Biocare Fin. AG*,
    688 F.3d 98 (2d Cir. 2012) ............................................................................5

*King Cnty.* v. *IKB Deutsche Industriebank AG*,
    2012 WL 3114930 (S.D.N.Y. Aug. 1, 2012)......................................................7

*King Cnty.* v. *IKB Deutsche Industriebank AG*,
    2012 WL 3553775 (S.D.N.Y. Aug. 17, 2012)...............................................12–13

*United States* v. *Glens Falls Newspapers, Inc.*,
    160 F.3d 853 (2d Cir. 1998) .......................................................................6, 12

*Wald* v. *Wolfson (In re U.S. Oil & Gas Litig.)*,
    967 F.2d 489 (11th Cir. 1992) ........................................................................7

## FEDERAL RULES

Fed. R. Civ. P. 21.......................................................................................1, 5

Fed. R. Civ. P. 41(a)(1)(A)(ii) .....................................................................1, 4

Fed. R. Civ. P. 41(a)(2)............................................................................. 1, 5

## SECONDARY SOURCES

7 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1688 (2d ed. 1986)...........5

Plaintiff, Federal Housing Finance Agency ("FHFA"), as conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac," and, together with Fannie Mae, the "GSEs"), and defendants Citigroup Inc., Citigroup Mortgage Loan Trust Inc., Citigroup Global Markets Inc. ("CGMI"), Citigroup Global Markets Realty Corp., Susan Mills, Randall Costa, Scott Freidenrich, Richard A. Isenberg, Mark I. Tsesarsky, Peter Patricola, Jeffrey Perlowitz, and Evelyn Echevarria (together "the Citi Defendants") (with FHFA, the "Settling Parties"), pursuant to Federal Rules of Civil Procedure 21, 41(a)(1)(A)(ii), and 41(a)(2), respectfully submit this memorandum of law in support of their joint motion for entry of orders of voluntary dismissal with prejudice in *Federal Housing Finance Agency* v. *Citigroup Inc., et al.*, 11 Civ. 6196 (DLC) ("the *Citi* Action"), *Federal Housing Finance Agency* v. *JPMorgan Chase & Co., et al.*, 11 Civ. 6188 (DLC) ("the *JPMorgan* Action"), and *Federal Housing Finance Agency* v. *Ally Financial Inc., et al.*, 11 Civ. 7010 (DLC) ("the *Ally* Action"); and associated bar orders in the *JPMorgan* and *Ally* Actions.

## PRELIMINARY STATEMENT

FHFA and the Citi Defendants have agreed to resolve all claims brought by FHFA against the Citi Defendants in the above-captioned Actions. The settlement serves the public interest. As this Court previously has recognized, "[i]n complex litigation, the importance of settlement to both the public interest and to the parties is indisputable." *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 591189, at *5 (S.D.N.Y. Mar. 14, 2005) (Cote, J.). The terms of the settlement are confidential, although the fact that a settlement has been reached has been disclosed.

While the Citi Defendants are the only defendants named in the *Citi* Action, CGMI is one of several defendants in the *JPMorgan* and *Ally* Actions. The other defendants named in the *JPMorgan* and *Ally* Actions are not parties to this settlement. CGMI has been sued in the *JPMorgan* Action and in the *Ally* Action. A condition of the settlement as it pertains to the *JPMorgan* and *Ally* Actions, where fewer than all defendants are settling, is the entry of appropriate orders barring claims by other defendants and other alleged tortfeasors against CGMI for contribution or indemnity in connection with the securities in those Actions covered by the settlement. As this Court has recognized, unless CGMI can obtain global "peace" from such claims, a settlement involving fewer than all defendants and alleged tortfeasors is not practical or economically feasible. *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 613107, at *5 (S.D.N.Y. Mar. 15, 2005) (Cote, J.). The proposed Orders of Voluntary Dismissal With Prejudice and Bar Orders (the "proposed Bar Orders") in relation to the *JPMorgan* and *Ally* Actions are appended as Exhibits B and C to the Declaration of Susanna M. Buergel, dated May 29, 2013 ("Buergel Decl."). The proposed Bar Orders would in substance a) bar any claims against CGMI for contribution or indemnity, or any other claims to recover all or part of any judgment or settlement against a non-settling defendant, each arising out of the claims in the *JPMorgan* and *Ally* Actions, b) bar CGMI from asserting claims against any non-settling defendant or other alleged tortfeasors for contribution or indemnity for all or part of CGMI's settlement payment in the *JPMorgan* and *Ally* Actions, and c) provide a judgment credit for any remaining defendant or other alleged tortfeasor to account for CGMI's settlement in the two actions.

The proposed Bar Orders for the *JPMorgan* and *Ally* Actions comply with governing Second Circuit precedent and the opinions of this Court concerning the propriety of bar orders entered in connection with partial settlements. The language of the proposed Bar Orders tracks bar order language approved by this Court on multiple occasions in connection with settlements reached in the *WorldCom* litigations. By inclusion of the bar against CGMI asserting claims against non-settling defendants or other alleged tortfeasors, together with the judgment credit provisions, the proposed Bar Orders adequately and fairly protect the interests of the non-settling defendants in these Actions (as well as any other alleged tortfeasors not named in this litigation) (together, the "Non-Settling Defendants"), while providing CGMI with the protection against further exposure necessary to make a settlement feasible in these two multi-defendant actions.

In addition to the bar order and judgment credit provisions, it also is appropriate to maintain the confidentiality of the terms of the settlement so as not to prejudice the Settling Parties in connection with the coordinated RMBS actions pending before this Court and in other jurisdictions (including similar RMBS-related lawsuits brought by other investor plaintiffs). Accordingly, the proposed Bar Orders provide that the settlement amount associated with the bonds at issue will be confidential. To effectuate the judgment credit provisions, the proposed Bar Orders provide that certain parties, which are defined as the Non-Settling Defendants who are sued on the same securities as the Citi Defendants, their attorneys, and their experts (the "Authorized Parties"), would be advised of the amount of the settlement allocated to the bonds at issue upon the entry of a pre-trial order in the relevant action and the agreement to the

3

confidentiality provisions of the applicable proposed Bar Order.  Maintaining the details

of the settlement in confidence will promote the efficient and effective resolution of these

Actions as well as the other coordinated RMBS actions pending in this Court and

elsewhere while providing any non-settling defendant with the information it needs, upon

entry of a pre-trial order, to implement the judgment credit provisions of the proposed

Bar Orders.

        For all these reasons and those discussed below, the Settling Parties

respectfully request that the Court approve the stipulated dismissal with prejudice of all

claims in the *Citi* Action in the form attached as Exhibit A to the Buergel Declaration

(and filed with this Court on May 28, 2013), and dismiss with prejudice and/or drop the

claims against CGMI in the *JPMorgan* and *Ally* Actions and enter the proposed Bar

Orders substantially in the form attached as Exhibits B and C to the Buergel Declaration.

## ARGUMENT

### I.
### THE STIPULATION AND ORDER OF
### VOLUNTARY DISMISSAL WITH PREJUDICE
### OF THE *CITI* ACTION SHOULD BE SO ORDERED

        Having reached a settlement that fully disposes of all claims in the *Citi*

Action, the Settling Parties have stipulated and agreed that the *Citi* Action shall be, and

hereby is, dismissed in its entirety with prejudice pursuant to Rule 41(a)(1)(A)(ii) of the

Federal Rules of Civil Procedure.  The Settling Parties have agreed to bear their own

costs.  A copy of the Settling Parties' Stipulation and Proposed Order of Voluntary

Dismissal with Prejudice is attached as Exhibit A to the Buergel Declaration and was

filed with this Court on May 28, 2013.  The Settling Parties respectfully request that it be so ordered.

## II.
### THE MOTION TO DROP AND/OR VOLUNTARILY DISMISS CLAIMS AGAINST CGMI IN THE *JPMORGAN* AND *ALLY* ACTIONS <u>WITH PREJUDICE SHOULD BE GRANTED</u>

Pursuant to Rule 41(a)(2) and/or Rule 21 of the Federal Rules of Civil Procedure, the Settling Parties move to drop and/or voluntarily dismiss with prejudice all claims solely as against CGMI in the *JPMorgan* and *Ally* Actions.[1]  This dismissal does not apply to any other defendant in the *JPMorgan* and *Ally* Actions.  Because "[t]he Court has broad discretion to permit a change in the parties at any stage in the litigation pursuant to Rule 21 of the Federal Rules of Civil Procedure," the Settling Parties respectfully request that this Court grant their request to drop CGMI as a party to the *JPMorgan* and *Ally* Actions.  *Black Radio Network, Inc.* v. *NYNEX Corp.*, 44 F. Supp. 2d 565, 573 (S.D.N.Y. 1999) (citing 7 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1688 (2d ed. 1986)).

The Citi Defendants agree to bear their own costs, and FHFA agrees to bear the proportion of the costs it has incurred in the *JPMorgan* and *Ally* Actions solely attributable to the Citi Defendants' presence in these two Actions.  This dismissal does not affect FHFA's claims for costs and fees from the Non-Settling Defendants in these Actions.

---

[1]    In *Harvey Aluminum, Inc.* v. *American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953), the Second Circuit held that Rule 41(a) could not be used by a plaintiff to voluntarily dismiss only a "claim," but rather only an entire "action," and that a party seeking to dismiss only a claim should move to drop a party under Rule 21.  Although later decisions by the Second Circuit have "note[d] our skepticism that *Harvey Aluminum* is still good law," *ISC Holding AG* v. *Nobel Biocare Fin. AG*, 688 F.3d 98, 116 (2d Cir. 2012) (collecting cases), out of an abundance of caution the Settling Parties move under both Rules 41(a)(2) and 21.

**III.**
**THE PROPOSED BAR ORDERS ARE CONSISTENT**
**WITH SECOND CIRCUIT LAW AND SHOULD BE ENTERED**

A.      **The Proposed Bar Orders Both Serve the Public**
        **Interest and Protect the Rights of Non-Settling Parties.**

"The importance of settlement to litigation, particularly complex litigation such as this one, is indisputable." *In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp. 2d 561, 567 (S.D.N.Y. 2004) (Cote, J.). As the Second Circuit has recognized, "[w]here a case is complex and expensive, and resolution of the case will benefit the public, the public has a strong interest in settlement." *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 202 (2d Cir. 2006) (quoting *United States* v. *Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856-57 (2d Cir. 1998)).

Because "an unlimited right to seek contribution would surely diminish the incentive to settle," in complex cases involving multiple parties, settling parties often condition their settlement upon the entry of an order "that bar[s] contribution and indemnification claims between the settling defendants and non-settling defendants." *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 591189, at *5. "Without the ability to limit the liability of settling defendants through bar orders, 'it is likely that no settlements' could be reached." *Id.* (quoting *In re Ivan F. Boesky Sec. Litig.*, 948 F.2d 1358, 1369 (2d Cir. 1991)); *see also Denney* v. *Deutsche Bank AG*, 443 F.3d 253, 273 (2d Cir. 2006) (explaining that without bar orders, defendants are unlikely to consent to settlement because such a "settlement would not bring . . . much peace of mind"). Thus, courts in

6

this Circuit and elsewhere routinely enter bar orders to protect settling defendants from claims for contribution or indemnity by non-settling parties.[2]

Here, the proposed Bar Orders meet the requirements of the Second Circuit and this Court concerning the permissible scope of settlement bar orders. The proposed Bar Orders track the language of the bar orders previously approved by this Court in the *WorldCom* litigations. *See, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 2006 WL 470575 (S.D.N.Y. Feb. 16, 2006) (Cote, J.) (approving bar order and dismissing amended complaint with prejudice). The substance of the proposed bars also is consistent with the bar order language approved by the Second Circuit in *Gerber* v. *MTC Elec. Techs. Co.*, 329 F.3d 297 (2d Cir. 2003). Moreover, as the proposed Bar Orders only relate to the securities in the *JPMorgan* and *Ally* Actions as to which CGMI was sued, the impact of the proposed bars is limited and narrowly drawn.

As this Court previously has ruled, bar orders are permissible under *Gerber* "provided that 'the only claims that are extinguished are claims where the injury is the non-settling defendants' liability to the plaintiffs.'" *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 591189, at *10 (S.D.N.Y. Mar. 14, 2005) (Cote, J.) (quoting *Gerber*, 329 F.3d at 307). The proposed Bar Orders clearly meet this requirement. Specifically, they provide that the Non-Settling Defendants:

---

[2]     *See, e.g.*, *Gerber* v. *MTC Elec. Techs. Co.*, 329 F.3d 297 (2d Cir. 2003); *King Cnty.* v. *IKB Deutsche Industriebank AG*, 2012 WL 3114930 (S.D.N.Y. Aug. 1, 2012); *In re WorldCom, Inc. Sec. Litig.*, 2004 WL 2591402 (S.D.N.Y. Nov. 12, 2004) (Cote, J.); *see also, e.g.*, *Eichenholtz* v. *Brennan*, 52 F.3d 478, 482 n.8 (3d Cir. 1995) (approving bar order extinguishing claims for contribution and indemnification however denominated); *Wald* v. *Wolfson (In re U.S. Oil & Gas Litig.)*, 967 F.2d 489, 496 (11th Cir. 1992) (approving bar order extinguishing all claims for contribution or indemnity against the settling defendants).

> are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting, or asserting any claim for contribution or indemnity (whether styled as a claim for contribution, indemnity or otherwise) against CGMI, its present and former parents, subsidiaries, divisions and affiliates , the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, insurers (but not affecting any obligation owed to CGMI by any insurer), and agents of each of them, and the predecessors, heirs, successors and assigns of each (collectively, the "Settling Defendant"), that seeks to recover from the Settling Defendant any part of any judgment entered against the Non-Settling Defendants and/or any settlement reached with any of the Non-Settling Defendants, in connection with any claims that are or could have been asserted against the Non-Settling Defendants in this Action or that arise out of any claims that are or could have been asserted in this Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Action, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere . . . .

(Buergel Decl. Exs. B, C.)

This language tracks in substance the language of bar orders approved and entered by the Court in connection with partial settlements in the *WorldCom* litigations. For example, one such bar order provided that the Non-Settling Defendants:

> are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting, or asserting any claim for indemnity or contribution, however styled, against any of the Settling Defendants and any of their affiliated persons and entities (each individually, a "Settling Releasee"; collectively, the "Settling Releasees") (or any other claim against the Settling Releasees where the injury to the Non-Settling Entity/Individual or any other person or entity later named as a defendant in this action is the actual or threatened liability of the Non-Settling Entity/Individual or any other person or entity later named as a defendant in the Action to the [Plaintiff]), with respect to, relating to or arising from the claims, liabilities and injuries alleged or the claims, liabilities or injuries relating to WorldCom securities that could have been alleged by the [Plaintiff] in the Amended Complaint dated July 11, 2003 . . . whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Amended Complaint, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere by the [Plaintiff].

*In re WorldCom, Inc. Sec. Litig.*, 2005 WL 2010153 (S.D.N.Y. Aug. 23, 2005) (Cote, J.).

The proposed Bar Orders define "Non-Settling Defendants" to include alleged joint tortfeasors that are not presently named in the *JPMorgan* or *Ally* Actions but that later could become liable to Plaintiff or any non-settling defendant, by reason of judgment or settlement, for claims that are or could have been asserted in the *JPMorgan* or *Ally* Actions. This provides CGMI with the necessary protection against any contribution or indemnity claims by any such unnamed alleged tortfeasors, while providing these unnamed alleged tortfeasors with the dual protections of a judgment credit and a bar against CGMI suing them for any part of its settlement with FHFA. This Court previously has approved bar orders extending to parties that are not currently defendants in the immediate action. *See, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 2010153, at *1 (approving bar orders extending to defendants later named in the action). This is consistent with the *Gerber* principle that "the only claims that are extinguished are claims where the injury is the non-settling defendants' liability to the plaintiffs." 329 F.3d at 307.

Finally, the proposed Bar Orders satisfy the condition that the Non-Settling Defendants be provided with a "[judgment reduction] provision that gives the non-settling defendants an appropriate right of set-off from any judgment imposed against them." *In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp. 2d at 568. Specifically, pursuant to the formula approved in *Gerber*, 329 F.3d at 302-05, and previously endorsed by this Court, *see In re WorldCom, Inc. Sec. Litig.*, 2005 WL 591189, at *8, the proposed Bar Orders provide the Non-Settling Defendants with a "judgment credit in an amount that is the greater of (a) the amount of [FHFA's] settlement with CGMI in this Action

allocated to the relevant security . . . , or (b) for each such claim, state or federal, on

which contribution or indemnity is available, the proportionate share of CGMI's fault as

proven at trial."  (Buergel Decl. Exs. B, C.)  As noted by this Court, the Second Circuit

"unequivocally" held that "'[b]y awarding a credit that is at least the settling defendants'

proven share of liability, the non-settling defendants' rights are protected even without a

determination of the fairness of the settlement.'"  *In re WorldCom, Inc. Sec. Litig.*, 2005

WL 591189, at *8 (quoting *Gerber*, 329 F.3d at 303).  Under the terms of the proposed

Bar Orders, the Non-Settling Defendants' rights will be protected to an even greater

extent: they will obtain the benefit of a judgment credit measured either by CGMI's

proven share of liability or the amounts paid by CGMI to resolve the claims asserted

against it by FHFA in the *JPMorgan* and/or *Ally* Actions—whichever is greater.  As this

Court repeatedly has concluded in approving bar orders with similar language, the

proposed Bar Orders, therefore, are presumptively fair and reasonable and in all respects

conform with governing Second Circuit law and the prior opinions of this Court.[3]

**B.      The Settlement Agreement's Confidentiality Provisions
          Protect the Rights of All Parties in the Actions.**

              As noted above, the terms of the settlement, including the amount of the

settlement, are confidential.  As the Second Circuit has made clear, the amount of a

settlement may be of particular concern to parties engaged in a compromise of pending

litigation, and thus extending confidentiality to such amounts is to be encouraged by

courts to facilitate and foster settlement.  *Gambale* v. *Deutsche Bank AG*, 377 F.3d 133,

---

[3]      *See, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 2006 WL 470575, at *2 (S.D.N.Y. Feb. 16, 2006); *In re WorldCom, Inc. Sec. Litig.*, 2006 WL 240282, at *2 (S.D.N.Y. Jan. 31, 2006); *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 3369215, at *2 (S.D.N.Y. Dec. 12, 2005).

143 (2d Cir. 2004) (explaining that there is no established presumption of access with respect to information contained in confidential settlement agreements not filed with the Court and that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage"). This case is no different, as the confidentiality of the terms of the settlement and the settlement amount is a key part of the settlement. Accordingly, the amounts of the settlement allocated to the bonds at issue in the *JPMorgan* and *Ally* Actions are confidential.

The Settling Parties recognize that in connection with their request that the Court enter the proposed Bar Orders, it may become necessary in the future, for purposes of the judgment credit provision of the bar order, for certain Non-Settling Defendants to obtain access to the amounts allocated by FHFA to the claims asserted against CGMI in the respective Actions at issue. The proposed Bar Orders permit the disclosure to the Authorized Parties of the settlement amounts allocated to the particular bonds at issue in the *JPMorgan* and *Ally* Actions, upon entry of a pre-trial order in the relevant action. (Buergel Decl. Ex. B at 4-5; Buergel Decl. Ex. C at 5.) The Authorized Parties are limited to those non-settling defendants in the *JPMorgan* and *Ally* Actions that were sued in connection with the same securities as CGMI, as well as any future defendants that may later be subject to claims in relation to the securities in the *JPMorgan* and *Ally* Actions that are the subject of the settlement. Upon the entry of a pre-trial order in the applicable action, the proposed Bar Orders permit disclosure to the Authorized Parties in the *JPMorgan* and *Ally* Actions of the amount of the settlement allocated to the particular bonds at issue, as well as to internal and external counsel, and any experts retained in connection with the relevant action; however, the settlement amount will not be disclosed

11

to any of the other defendants in any other action brought by FHFA.  (*See* Buergel Decl. Ex. B at 4-5; Buergel Decl. Ex. C at 5.)  These provisions accomplish the dual goals of maintaining the amount of the settlement in confidence and providing the necessary information to the affected Non-Settling Defendants in those two lawsuits for purposes of the judgment credit provision.

District courts are empowered to prevent access to confidential information relating to settlements "when necessary to encourage the amicable resolution of disputes."  *City of Hartford* v. *Chase*, 942 F.2d 130, 135 (2d Cir. 1991); *see also United States* v. *Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856 (2d Cir. 1998) (affirming district court order sealing settlement documents and drafts in part because of the Court's responsibility to facilitate prompt and fair settlement "so as to avoid the uncertainty, expense and delay inherent in a trial").  We respectfully submit that any interest of defendants in other lawsuits involving private-label securities or litigations brought by FHFA or the public in obtaining access to the settlement amounts allocated to the bonds at issue in the *JPMorgan* and *Ally* Actions is significantly outweighed by the Settling Parties' right to maintain the terms of the settlement in confidence.  The Settling Parties' proposal—to provide the Authorized Parties controlled access to the allocated amounts in the *JPMorgan* and *Ally* Actions at such time as it becomes germane to the applicable proposed Bar Order—protects the confidentiality of the Settling Parties' settlement while providing necessary disclosure in advance of trial to those parties in need of obtaining the confidential information for judgment credit purposes.  *See King Cnty.* v. *IKB Deutsche Industriebank AG*, 2012 WL 3553775, at *1 (S.D.N.Y. Aug. 17,

2012) (denying defendants' motion to compel disclosure of confidential settlement
agreement, noting that "[c]ourts routinely hold that settlement agreements may be
withheld until after trial.").  This procedure fairly protects the rights of all parties to the
*JPMorgan* and *Ally* Actions.

## CONCLUSION

Accordingly, for all the reasons set forth above, the Settling Parties respectfully request that the Court so-order the parties' Stipulation and Order of Voluntary Dismissal with Prejudice in the *Citi* Action and enter the proposed Orders of Voluntary Dismissal With Prejudice and Bar Orders in the *JPMorgan* and *Ally* Actions.

Dated: New York, New York
       May 29, 2013

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |

Respectfully submitted,

By: /s/ Philippe Z. Selendy
Philippe Z. Selendy
Manisha M. Sheth
Jordan A. Goldstein
Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7100

By: /s/ Brad S. Karp
Brad S. Karp
Bruce Birenboim
Susanna M. Buergel
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

*Attorneys for the Citi Defendants*

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP

By:/s/ Marc E. Kasowitz
Marc E. Kasowitz
Hector Torres
Christopher P. Johnson
Michael Hanin
Kanchana Wangkeo Leung
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Plaintiff Federal Housing
Finance Agency, as Conservator for
Fannie Mae and Freddie Mac*